UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-md-3010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| DOTDASH MEREDITH INC. A/K/A PEOPLE INC. and MEREDITH OPERATIONS CORPORATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>*Defendants.* | No. 1:25-cv-07194 (PKC) |
| INSIDER, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>*Defendants.* | No. 1:25-cv-07409 (PKC) |
| THE SLATE GROUP LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>*Defendants.* | No. 1:25-cv-07697 (PKC) |

**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S
<u>REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................. 1

    I. Plaintiffs Fail To Plead NY UDAP Claims ................................................................... 1

        A. Plaintiffs' NY UDAP Claims Are Not Consumer-Oriented ........................................ 1

        B. Plaintiffs Cannot Show "Materially Misleading" Conduct .......................................... 2

        C. Plaintiffs Fail To Allege The Challenged Practices Caused Actual Injury .................. 5

    II. Plaintiffs Fail To Plead Fraud ........................................................................................ 6

        A. Plaintiffs Fail To Satisfy Rule 9(b)'s Particularity Requirement ................................. 6

        B. Plaintiffs Fail To Plead Fraud By Omission ................................................................. 7

        C. Plaintiffs Fail To Plead Reliance .................................................................................. 8

    III. Plaintiffs' Unjust Enrichment Claims Should Be Dismissed ....................................... 8

    IV. Plaintiffs' Unjust Enrichment And NY UDAP Claims Are Time-Barred ................... 9

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Banque Arabe et Int'le D'Investissement v. Md. Nat'l Bank*,
  57 F.3d 146 (2d Cir. 1995) ............................................................................................... 7

*Barton v. Pret A Manger (USA) Ltd.*,
  535 F. Supp. 3d 225 (S.D.N.Y. 2021) ............................................................................... 9

*Behrens v. JPMorgan Chase Bank, N.A.*,
  2024 WL 1090856 (2d Cir. Mar. 13, 2024) ..................................................................... 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 6

*In re Cardiac Devices Qui Tam Litig.*,
  221 F.R.D. 318 (D. Conn. 2004) ....................................................................................... 6

*Chorches for Bankr. Est. of Fabula v. Am. Med. Resp., Inc.*,
  865 F.3d 71 (2d Cir. 2017) ................................................................................................ 6

*Clemmons v. Upfield US Inc.*,
  667 F. Supp. 3d 5 (S.D.N.Y. 2023) (Castel, J.) ................................................................. 9

*Dwyer v. Allbirds, Inc.*,
  598 F.Supp.3d 137 (S.D.N.Y. 2022) ................................................................................. 3

*Edmar Fin. Co. v. Currenex, Inc.*,
  2023 WL 3570017 (S.D.N.Y. May 18, 2023) ................................................................... 2

*Ellinghaus v. Educ. Testing Serv.*,
  2016 WL 8711439 (E.D.N.Y. Sept. 30, 2016) .............................................................. 3, 4

*Emerg. Enclosures, Inc. v. Nat'l Fire Adj't Co.*,
  68 A.D.3d 1658 (N.Y. App. Div. 2009) ............................................................................ 2

*Exxonmobil Inter-Am., Inc. v. Adv. Info. Eng'g Servs.*,
  328 F. Supp. 2d 443 (S.D.N.Y. 2004) ............................................................................... 2

*Fin. Guar. Ins. v. Putnam Advisory Co.*,
  2020 WL 5518146 (S.D.N.Y. Sept. 14, 2020) .................................................................. 7

*In re Google Digital Advert. Antitrust Litig.*,
  721 F. Supp. 3d 230 (S.D.N.Y. 2024) ............................................................................... 9

*Granite Partners, L.P. v. Bear, Stearns & Co.*,
  58 F. Supp. 2d 228 (S.D.N.Y. 1999) ............................................................................... 8

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
  277 F. Supp. 2d 269 (S.D.N.Y. 2003) ............................................................................. 1

*Hayrioglu v. Granite Cap. Funding, LLC*,
  794 F. Supp. 2d 405 (E.D.N.Y. 2011) ............................................................................ 8

*Heise v. Nat'l R.R. Passenger Corp. (Amtrak)*,
  2021 WL 5356330 (N.D.N.Y. Nov. 17, 2021) ............................................................... 9

*Himmelstein, McConnell, Gribben, Donoghue
  & Joseph, LLP v. Matthew Bender & Co.*,
  37 N.Y.3d 169 (N.Y. 2021) ........................................................................................... 2

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*,
  620 F. Supp. 2d 499 (S.D.N.Y. 2009) .......................................................................... 10

*James v. Penguin Grp. (USA) Inc.*,
  2014 WL 1407697 (S.D.N.Y. Apr. 11, 2014) ................................................................ 3

*In re Libor-Based Fin. Instrument Antitrust Litig.*,
  2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015) ............................................................... 10

*Melendez v. Sirius XM Radio, Inc.*,
  50 F.4th 294 (2d Cir. 2022) ........................................................................................... 4

*Negrete v. Citibank, N.A.*,
  237 F. Supp. 3d 112 (S.D.N.Y. 2017) ............................................................................ 8

*Oden v. Bos. Sci. Corp.*,
  330 F. Supp. 3d 877 (E.D.N.Y. 2018) ........................................................................... 5

*Perez v. B. Braun Med., Inc.*,
  2018 WL 2316334 (S.D.N.Y. May 9, 2018) .................................................................. 3

*Pike v. New York Life Ins.*,
  72 A.D.3d 1043 (N.Y. App. Div. 2010) ........................................................................ 9

*Plavin v. Grp. Health Inc.*,
  693 F. Supp. 3d 446 (M.D. Pa. 2023) .......................................................................... 10

*Shak v. JPMorgan Chase & Co.*,
  156 F. Supp. 3d 462 (S.D.N.Y. 2016) .......................................................................... 10

*State Farm Mut. Auto. Ins. v. James M. Liguori, M.D., P.C.*,
  589 F. Supp. 2d 221 (E.D.N.Y. 2008) ....................................................................... 6, 7

*Wolff Off. Equip. Corp. v. Wang Lab'ys, Inc.*,
  1987 WL 26844 (S.D.N.Y. Nov. 30, 1987) .................................................................................. 7

*Yuille v. Uphold HQ, Inc.*,
  686 F. Supp. 3d 323 (S.D.N.Y. 2023) ........................................................................................ 4

*Zottola v. Eisai Inc.*,
  564 F. Supp. 3d 302 (S.D.N.Y. 2021) ........................................................................................ 3

As Google demonstrated in its Memorandum in Support of its Motion to Dismiss, ECF No. 1250 ("Motion" or "Mot."), Plaintiffs failed to adequately allege their state law claims. Nothing in Plaintiffs' Opposition to Google's Motion to Dismiss, ECF No. 1278 ("Opposition" or "Opp."), saves those deficient claims.[1] Plaintiffs do not dispute that they failed to plead every element of their NY UDAP claims. Their fraud claims are equally flawed—as Plaintiffs' counsel recognized in dropping substantially similar claims that it asserted on behalf of Daily Mail and Gannett. ECF No. 1265.[2] Finally, their unjust enrichment and NY UDAP claims are time-barred, and no tolling rules save them. Plaintiffs' state law claims should be dismissed in their entirety.

## ARGUMENT

### I. Plaintiffs Fail To Plead NY UDAP Claims

As Google demonstrated, the NY UDAP claims should be dismissed because Plaintiffs fail to allege that Google "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [they] suffered injury as a result of the allegedly deceptive act or practice." Mot. 3-14. Plaintiffs fail to rebut any of these points.

#### A. Plaintiffs' NY UDAP Claims Are Not Consumer-Oriented

Plaintiffs acknowledge that as commercial claimants, they must plead that Google's allegedly deceptive practices had "significant ramifications for the public at large." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); Opp. 4. Plaintiffs do not do so. Instead, they assert claims based on Google's alleged conduct arising out of their contracts with Google. Mot. 4. Their only basis for claiming these contracts are consumer-oriented is their contention—in their Opposition, not their Complaints—that their contracts were so-called "form contracts." Opp. 3-4. The Complaint allegations are contrary to

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

[2] Counsel for Plaintiffs declined to withdraw their fraud claims to streamline the issues in this case. Ex. 1 to Decl. of Allison Vissichelli (12/17/2025 Email from S. Henningson).

this new theory[3]—Plaintiffs allege that their employees "negotiate contracts with Google for the use of both DFP and AdX." People ¶ 51; Slate ¶ 50; *see also* Insider ¶ 125 ("Google renegotiated contracts with . . . Business Insider"). This allegation is dispositive of their inability to allege consumer-oriented conduct.

Moreover, Plaintiffs do not dispute that they are large, sophisticated businesses with significant bargaining power, Opp. 4, "not the small-time individual consumers [NY UDAP] was intended to protect," *Exxonmobil Inter-Am., Inc. v. Adv. Info. Eng'g Servs.*, 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004); Mot. 5. They nevertheless argue that they meet the consumer-oriented prong because "'individuals and businesses' can bring NY UDAP claims." Opp. 4. That is not the point. Because they are sophisticated businesses that negotiated the commercial contracts with Google on which they base their claims, "[t]he gravamen of the complaint[s] is not consumer injury or harm to the public interest but, rather, harm to [their] business." *Emerg. Enclosures, Inc. v. Nat'l Fire Adj't Co.*, 68 A.D.3d 1658, 1661 (N.Y. App. Div. 2009); *see also* Op. & Order 18-19, ECF No. 903 (rejecting argument that injunction would serve "the public interest" where claim was "directed to the economic losses of advertisers caused by particular auction practices, and would benefit [plaintiffs], as opposed to . . . the general public").

B.   **Plaintiffs Cannot Show "Materially Misleading" Conduct**

Plaintiffs attempt to sidestep their burden to allege "material" misrepresentations on the grounds that materiality is purportedly too "fact-intensive" for a motion to dismiss. Opp. 5. But materiality is an "objective standard," and "it is well settled that [at the pleading stage] a court

---

[3] In any event, the two cases on which Plaintiffs rely confirm that a form contract would not satisfy Plaintiffs' burden under the "consumer-oriented" prong. In both cases, the court held the challenged conduct was sufficiently consumer-oriented because the defendant relied on form contracts with all its customers, those form contracts represented the entirety of the agreements between the parties, *and* the "deceptive business practices affected all [consumers] alike." *Edmar Fin. Co. v. Currenex, Inc.*, 2023 WL 3570017, at *20 (S.D.N.Y. May 18, 2023); *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 37 N.Y.3d 169, 178 (N.Y. 2021). None of those circumstances are alleged here.

2

may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer." *Dwyer v. Allbirds, Inc.*, 598 F.Supp.3d 137, 149 (S.D.N.Y. 2022). Under that standard, Plaintiffs have not stated a claim—a point their Opposition confirms.

Moreover, Plaintiffs do not dispute that they have failed to identify *any* misstatements to People and Insider regarding EDA. They instead argue that they are "not required to identify particular misstatements" to bring NY UDAP claims. Opp. 6.[4] This strains credulity: the Court cannot determine whether Plaintiffs have plausibly alleged materially misleading statements without knowing *what* statements were made. *See, e.g.*, *Perez v. B. Braun Med., Inc.*, 2018 WL 2316334, at *6 (S.D.N.Y. May 9, 2018) (dismissing NY UDAP claims where plaintiff "fail[ed] to show what materially misleading representations defendants made"); *Zottola v. Eisai Inc.,* 564 F. Supp. 3d 302, 312 (S.D.N.Y. 2021) (similar); *see also* Mot. 8. The claims based on non-existent EDA misrepresentations should therefore be dismissed.[5]

Plaintiffs' claims that Google misrepresented that it ran a "true" second-price auction, *e.g.*, People ¶ 268(f), fare no better because Plaintiffs still fail to identify any such misrepresentations.[6] Plaintiffs' Opposition is silent on how an isolated comment in 2010 that "AdX is a second price auction with minimum CPMs set by the publisher," *e.g.*, People ¶ 174, was rendered misleading by Google's launch of Bernanke *three years later*. *See, e.g.*, *Ellinghaus v. Educ. Testing Serv*., 2016 WL 8711439, at *8 (E.D.N.Y. Sept. 30, 2016) (dismissing NY UDAP claim where plaintiffs failed to allege that defendants' statements on their website were

---

[4] *James v. Penguin Grp. (USA) Inc.*, 2014 WL 1407697 (S.D.N.Y. Apr. 11, 2014) does not support Plaintiffs' contention that they are not required to identify misstatements. Rather, the court in that case held that NY UDAP claims are not subject to Rule 9(b) heightened pleading requirements. *Id*. at *10.

[5] Slate's claim of EDA misrepresentations likewise does not amount to a materially misleading statement because, as Google demonstrated in its Motion, general statements about the "protection" of guaranteed deals are non-actionable puffery, and it is implausible that a reasonable consumer would conclude that sponsorships "would be completely immune from" EDA. Mot. 6-7.

[6] Moreover, a statement that Google ran a "true" second-price auction "cannot be proven true or false," Opp. 5, and therefore cannot be materially misleading.

3

misleading when made).[7] And even if Plaintiffs were correct that statements in a 2014 paper published by a third-party journal could be attributed to Google,[8] Plaintiffs do not dispute that there is no representation in the paper about any Google product.

Plaintiffs' claims regarding Google's other optimizations also fail because Plaintiffs cannot point to any "facts identifying the falsity of [Google's] statements." Opp. 11 n.7 & 5 ("subjective statements that cannot be proven true or false" are non-actionable puffery). Indeed, Plaintiffs' DA-, UPR-, Exchange Bidding-, and DRS-based claims are based on general statements about revenue or yield (*e.g.*, Mot. 7, 9), that are not "specific enough to be falsifiable." *Yuille v. Uphold HQ, Inc.*, 686 F. Supp. 3d 323, 344-45 (S.D.N.Y. 2023).[9] The only non-conclusory allegation that Plaintiffs argue shows the falsity of Google's statements on these optimizations is an imaginary scenario they allege regarding DRS, Mot. 11 n.5, which Plaintiffs attempt to characterize as a "mathematical illustration," Opp. 12. But regardless of what they call it, they "cannot use any hypothetical allegations to 'nudge[] [their] claims across the line from conceivable to plausible.'" *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022).

Plaintiffs also do not explain how the statement in their DFP agreements, that Google "does not use 'data entered by [publishers] . . . that is not generally shared with buyers' . . . 'for purposes of informing bids' made by Google," (*e.g.*, People ¶ 268(c)), was rendered false or

---

[7] Tellingly, Plaintiffs do not address the point that their own allegations demonstrate that AdX continued to operate as a second-price auction following the launch of Bernanke. Mot. 9.

[8] Plaintiffs argue that the authors of the research paper (which was written by four people, three of whom worked at Google) had "apparent authority" to speak on Google's behalf. The Complaints contain no such allegations.

[9] Plaintiffs fail to explain how Google's statement in its "May 2019 'Best Practices' guide" was made misleading by the launch of UPR months later, and they provide no support for their new contention that Google had a duty to correct this statement. *See Ellinghaus*, 2016 WL 8711439 at *8 (dismissing NY UDAP claim where plaintiffs failed to allege that defendants' statements on their website were misleading when made). Indeed, Plaintiffs do not claim they even saw the statement—let alone that they were misled by it—and instead argue that a statement is actionable as long as it was public. Opp. 10. That is incorrect and unsupported by either case that Plaintiffs cite.

4

misleading by Last Look or MBTW.[10] Nor do they explain how this statement was misleading in a DFP agreement. Mot. 7-8. Instead, they ask the Court to ignore as "extrinsic evidence" the parts of the contracts that they did not selectively quote to support their claims. Opp. 7-8. But contracts that Plaintiffs quote and rely on in their Complaints, are not "extrinsic." Mot. 7 n.3.

### C. Plaintiffs Fail To Allege The Challenged Practices Caused Actual Injury

Plaintiffs admit that they cannot show a causal connection between Google's purported misrepresentations or omissions and their alleged harm, but they claim they should be relieved from this burden because they think they will be able to make that showing. Opp. 13. Plaintiffs are wrong as a matter of law. *See Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018) (on a motion to dismiss, plaintiffs must allege "facts illustrating a causal connection between injury to plaintiffs and some misrepresentation made by defendants." (cleaned up)).

Moreover, Plaintiffs misunderstand the causal connection they must allege. For example, Plaintiffs argue they adequately alleged they were harmed by the alleged Bernanke deceptions because, "using Bernanke, 'Google's bid manipulation depressed publishers' revenue' and Google's revenues increased 'at the expense of publishers.'" Opp. 14-15. Thus, Plaintiffs are unable to draw any connection between the purported harm and *the allegedly deceptive conduct*—i.e., Google's purported misrepresentation that it was running a "true" second-price auction or Google's alleged failure to disclose to publishers the details of Bernanke's operation.

Likewise, Plaintiffs fail to connect any harm to Google's purported misrepresentations on DRS. Plaintiffs do not dispute that the Complaints fail to allege that they ever read Google's alleged DRS misrepresentations. Mot. 13. Instead, they contend that "the crux of Plaintiffs' DRS-related claims are Google's *omissions* and lack of transparency about DRS." Opp. 14. But

---

[10] For example, Plaintiffs allege that "with Last Look, AdX could replace the second-highest AdX bid with the header bid as its price floor," *e.g.*, People ¶ 66, but nowhere do they allege that price floors are not precisely the sort of data that is "generally shared with buyers."

5

this reframing cannot save their claims because Plaintiffs do not—and cannot—explain how not knowing details of how DRS operated caused them any cognizable injury.[11]

## II. Plaintiffs Fail To Plead Fraud

### A. Plaintiffs Fail To Satisfy Rule 9(b)'s Particularity Requirement

Plaintiffs' fraud allegations are insufficient under Rule 9(b) because they do not "include the who, what, when, where and why of each statement alleged to be fraudulent." *See* Mot. 14-17 (quotations omitted). Plaintiffs do not dispute that their Complaints lack these particulars. Instead, they argue that they were not required to meet Rule 9(b)'s black-letter requirements in the context of an alleged "ongoing fraudulent scheme." Opp. 15. Plaintiffs are wrong. As one of their own cases recognized, "Rule 9(b) *demands* that the pleading specify [the who, what, when, where, and why]." *Chorches for Bankr. Est. of Fabula v. Am. Med. Resp., Inc.,* 865 F.3d 71, 88 (2d Cir. 2017) (emphasis added). The Second Circuit cautioned in *Chorches* that its decision "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations," *id*. at 87, as Plaintiffs seek to do here.[12]

Plaintiffs' reliance on *State Farm Mut. Auto. Ins. v. James M. Liguori, M.D., P.C.*, 589 F. Supp. 2d 221 (E.D.N.Y. 2008) is similarly misplaced. There, the court did not relieve the plaintiff of alleging what Rule 9(b) requires; it expressly found that the plaintiff alleged "the fraudulent statements, the speaker, and why the statements were allegedly fraudulent." *Id.* at 237. The court merely acknowledged that where an alleged scheme amounts to hundreds of repetitive instances

---

[11] Plaintiffs assert in their Opposition (not their Complaints) "that they would have disabled DRS while they had the option if they had known," Opp. 11. This contention is not in their Complaints, and, in any event, it is precisely the sort of "naked assertion" devoid of "further factual enhancement" that does not suffice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] In *Chorches*, the Court addressed Rule 9(b) in a *qui tam* action under the False Claims Act—a context inapposite to *these* cases where Plaintiffs plead common law fraud. 865 F.3d at 75. Plaintiffs' reliance on another *qui tam* case is similarly misplaced. Opp. 15-16 (citing *In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 333 (D. Conn. 2004)). *Cardiac Devices* merely stands for the unremarkable proposition that in a *qui tam* case involving thousands of false claims, the Plaintiff need not include in the complaint the details of each allegedly false claim. 221 F.R.D. at 337. As in *Chorches*, the court did not absolve the plaintiff of Rule 9(b)'s particularity requirements.

6

of fraudulent conduct over a period of years, the plaintiffs need not include each and every fraudulent statement in its complaint. *Id*. Plaintiffs here do not allege the type of repetitive scheme at issue in *State Farm*, nor can they escape their obligation to allege "the fraudulent statements, the speaker, and why the statements were allegedly fraudulent." *Id*.

Because Plaintiffs do not—and cannot—point to a single allegation that includes all of the requisite particulars, Plaintiffs' fraud claims fail under Rule 9(b). *See Wolff Off. Equip. Corp. v. Wang Lab'ys, Inc.*, 1987 WL 26844, at *3 (S.D.N.Y. Nov. 30, 1987) (dismissing fraud claims where "[i]n one way or another, . . . plaintiff's complaint fail[ed] to meet the particularity requirements of Rule 9(b)").

### B. Plaintiffs Fail To Plead Fraud By Omission

Plaintiffs' fraud by omission theory fails because Plaintiffs did not sufficiently allege that Google owed them a duty to disclose. *See* Mot. 17-18; *Fin. Guar. Ins. v. Putnam Advisory Co.*, 2020 WL 5518146, at *87 (S.D.N.Y. Sept. 14, 2020) ("If a plaintiff [alleges] a material omission theory, it must further allege that the defendant had a duty to disclose." (cleaned up)). Plaintiffs seek to impose such a duty under the "special facts doctrine," Opp. 17-18, but fail to allege, as the doctrine requires, that Google knew Plaintiffs were acting on "mistaken knowledge." Mot. 18; *Banque Arabe et Int'le D'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 155 (2d Cir. 1995).

To the contrary, Plaintiffs assert in their Opposition that their use of Google's products was *not* based on mistaken knowledge. Opp. 18 (arguing that "Plaintiffs were compelled to use Google's products" because Google purportedly "dominated the ad server and ad exchange markets"). Because Plaintiffs have failed to allege that Google had a duty to disclose, their fraud claims cannot proceed on the basis of purported omissions. *See* Mot. 17-18.[13]

---

[13] The authority Plaintiffs cite is not to the contrary. In *Banque Arabe*, the Second Circuit concluded that even though the defendant had superior knowledge that was not readily available to the plaintiff (i.e., the first two elements of the special facts doctrine were satisfied), the defendant had no duty of disclosure because it did not know that the plaintiff was acting on the basis of mistaken knowledge. 57 F.3d at 155-56. The same is true here.

7

### C. Plaintiffs Fail To Plead Reliance

Plaintiffs' fraud claims should also be dismissed because they failed to allege compliance with their "duty to 'conduct [their] own diligent research' and 'make affirmative efforts to protect themselves from misrepresentations.'" Mot. 19; s*ee also Negrete v. Citibank, N.A.*, 237 F. Supp. 3d 112, 124 (S.D.N.Y. 2017) (granting motion to dismiss for failure to allege reasonable reliance because "[c]ourts impose enhanced duties on sophisticated parties before deeming their reliance reasonable."). Plaintiffs do not dispute that their Complaints are silent on this point. Instead, they argue that they are excused from that duty because "Google had within its exclusive knowledge access to the information underlying Google's misstatements about its technology." Opp. 20 (cleaned up). But they do not explain why they did not have "the information needed to track any purported 'effects' on their revenue." Opp. 20; *see also Hayrioglu v. Granite Cap. Funding, LLC*, 794 F. Supp. 2d 405, 413-14 (E.D.N.Y. 2011) (dismissing fraud claim based on alleged misstatement of plaintiff's income as "it is difficult to contemplate how the plaintiff could have relied on such a statement"); Mot. 19-29. Because Plaintiffs do not dispute that they failed to allege why their reliance was justified and have failed to explain why they are excused from that requirement, their fraud claims should be dismissed.[14]

### III. Plaintiffs' Unjust Enrichment Claims Should Be Dismissed

Plaintiffs' unjust enrichment claims fail because they are based on contracted-for services, insufficiently pleaded, and duplicative of their NY UDAP claims. *See* Mot. 20-24. *First*, it is undisputed that Plaintiffs contracted for the ad tech services they challenge, and that

---

Even if Plaintiffs had adequately pleaded that Google had a duty to disclose (which they did not), their omission claim nevertheless fails because Plaintiffs concede they did not allege all four required elements. Opp. 16 (identifying four requirements for pleading fraud by omission and explaining Plaintiffs alleged three of them).

[14] Contrary to Plaintiffs' assertions, Opp. 19, "whether a plaintiff has adequately pleaded justifiable reliance can be a proper subject for a motion to dismiss." *Granite Partners, L.P. v. Bear, Stearns & Co.*, 58 F. Supp. 2d 228, 259 (S.D.N.Y. 1999); Mot. 18.

Plaintiffs allege deceptions within those contracts. Mot. 20-21. *Second*, Plaintiffs' allegations at most describe correlations—not causation—between lower publisher revenue and Google's profit. *See* Mot. 21-22. Indeed, Plaintiffs do not allege any facts suggesting that their revenues were actually reduced due to any alleged deception. *Third*, Plaintiffs do not contest that their unjust enrichment and NY UDAP claims are duplicative, Mot. 23-24; instead, they now claim to bring unjust enrichment claims in the alternative, Opp. 23. While Plaintiffs cherry pick two cases to argue unjust enrichment may be pleaded in the alternative, the weight of authority holds the opposite. *See, e.g.*, *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 249 (S.D.N.Y. 2021) ("[C]ourts in the Second Circuit have consistently held that unjust enrichment claims are duplicative of [NY UDAP] claims. . . . [T]hat the Federal Rules permit Plaintiff to assert claims in the alternative does not change the Court's analysis."); *Clemmons v. Upfield US Inc.*, 667 F. Supp. 3d 5, 23 (S.D.N.Y. 2023) (Castel, J.).

### IV.    Plaintiffs' Unjust Enrichment And NY UDAP Claims Are Time-Barred

There is no dispute that Plaintiffs' unjust enrichment and NY UDAP claims are untimely on their face. Mot. 24.[15] Trying to salvage their tardy claims, Plaintiffs misapply three tolling rules. Opp. 24-25. First, Plaintiffs argue that each auction subject to Google's alleged manipulations is a new wrong that tolls the accrual of their claims; this is not the law. *See Pike v. New York Life Ins.*, 72 A.D.3d 1043, 1048 (N.Y. App. Div. 2010) (dismissing NY UDAP claims and finding no continuing violations with no "specific wrong that occurred each time they paid a premium, other than having to pay it"); *Heise v. Nat'l R.R. Passenger Corp. (Amtrak)*, 2021 WL 5356330, at *5 (N.D.N.Y. Nov. 17, 2021) (similar for unjust enrichment).[16] Second, Plaintiffs

---

[15] Plaintiffs argue timeliness should not be decided on pleadings, Opp. 23-24, but this Court has found other claims untimely where, as here "the complaint shows on its face that the limitations period has run," *In re Google Digital Advert. Antitrust Litig.*, 721 F. Supp. 3d 230, 271-73 (S.D.N.Y. 2024) (cleaned up) (rejecting continuing violations).

[16] Plaintiffs' reliance on *Stanley v. Direct Energy Servs.*, 466 F. Supp. 3d 415, 432-33 (S.D.N.Y. 2020) is misplaced as the monthly charges found there to toll claims "inherently require[d] periodically calculating" changes in those

argue under the fraudulent concealment doctrine that their claims should be tolled based on the same alleged conduct supporting their common law fraud claims. Opp. 24-25. But as discussed above, Plaintiffs' allegations fail to meet the particularity requirements of Rule 9(b) and thus cannot support fraud-based tolling. *See Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009) (fraud tolling "must be pled with particularity, in accordance with the heightened pleading standards of Fed.R.Civ.P. 9(b)"); *supra* § II.A. Third, as to *American Pipe* tolling, claims regarding all conduct other than Alchemist, UPR, and MBTW were untimely by the date of the identified complaints.[17] *See Shak v. JPMorgan Chase & Co.*, 156 F. Supp. 3d 462, 475 (S.D.N.Y. 2016) (under *American Pipe* "plaintiffs' [] claims would still be time-barred"). Even among those three, only MBTW is mentioned in the identified complaint. And even there, MBTW was not alleged to be deceptive, misleading, or unjustly enriching Google, but part of an alleged anticompetitive scheme.[18] As *American Pipe* does not apply to such factually and legally distinct claims, none of Plaintiffs' claims are tolled. *See Behrens v. JPMorgan Chase Bank, N.A.*, 2024 WL 1090856, at *2 (2d Cir. Mar. 13, 2024) (summary order) ("*American Pipe* applies only to 'exactly the same cause of action' as asserted in the prior case."); *In re Libor-Based Fin. Instrument Antitrust Litig.*, 2015 WL 4634541, at *136 (S.D.N.Y. Aug. 4, 2015) ("*American Pipe* tolling does not apply" to a different "factual theory").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court dismiss Plaintiffs' state law claims in their entirety.

---

charges, which were misrepresented to be "in accordance with the 'market.'" *Plavin v. Grp. Health Inc.*, 693 F. Supp. 3d 446, 460-62 (M.D. Pa. 2023) (distinguishing *Stanley* and instead applying *Pike* to NY UDAP claims). Plaintiffs do not allege that each auction carries with it new misrepresentations, so *Stanley* is distinguishable.

[17] Opp. Ex. 1 (at least 3 years between far right and left columns except for Alchemist, UPR, and MBTW).

[18] Class Compl., *In re Google Digit. Pub. Antitrust Litig.*, No. 20-cv-08984 (N.D. Cal. Dec. 15, 2020), ECF No. 1 ¶ 110, Counts I-VI (asserting only Sherman Act and Clayton Act claims).

Dated: December 19, 2025

Respectfully Submitted,

*/s/ Allison Vissichelli*
Bradley D. Justus
Allison Vissichelli
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3532
Email: bjustus@axinn.com
avissichelli@axinn.com

Craig M. Reiser
Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Telephone: (212) 728-2218
Email: creiser@axinn.com
dbitton@axinn.com

Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Email: eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC