# FRESHFIELDS

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
   +1 650 461 8276 (Direct)
justina.sessions@freshfields.com
www.freshfields.com

*[Handwritten annotations: Application GRANTED. Fact discovery extended to February 27, 2026. February 18 conference adjourned to March 19, 2026 at 3:00 pm in Courtroom 11D. SO ORDERED. /s/ [signature] USDJ 1-27-26]*

January 23, 2026

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
      *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-7194 (PKC);
      *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409 (PKC);
      *The Slate Group LLC v. Google LLC*, No. 1:25-cv-07697 (PKC)

Dear Judge Castel:

Pursuant to the Scheduling Order (ECF 1209) in the above-listed cases, defendant Google LLC respectfully submits this letter seeking a modest extension of time to complete fact discovery, until February 27, 2026. The next conference in these cases is scheduled for February 18, 2026.

The fact-discovery deadline in these cases is currently February 6, 2026. ECF 1209. Google requests a modest extension, until February 27, 2026, to allow time to complete depositions, third-party document and data productions, and certain party data productions pursuant to requests that have already been served. February 27 is the discovery deadline for the *Raptive*[1] case that features the same counsel and same core claims as for the publishers included in the Scheduling Order (ECF 1209). ECF 1241 ¶ 6. Good cause exists to extend this fact-discovery deadline because certain individuals (including individuals not currently employed at Google) cannot sit for depositions before the deadline and, despite Google's diligent efforts, certain third parties will not complete their productions before February 6, and, as a public company, Google must wait until after its upcoming earnings announcement before producing currently non-public data about its recent business operations for use in these cases. The same is true for at least one third-party that will be producing its financial data. Google has otherwise complied with all interim discovery deadlines, including substantially completing its document production on December 19, 2025. This modest extension will not otherwise affect the case schedule. The publisher plaintiffs oppose this request.

---

[1] *CMI Mktg., Inc. v. Google LLC*, No. 1:25-cv-08630 (S.D.N.Y.).

January 23, 2026
Page 2

***Depositions***.  Google requests an extension to complete depositions in these cases. Publisher plaintiffs sent six deposition notices to Google on January 9, and another three deposition notices on January 20. Google has been working diligently to schedule these noticed depositions, and three have been scheduled for dates on or before February 6. Two of the yet-to-be-scheduled depositions are of former Google employees. These non-parties are either unavailable before February 6 or have not yet provided Google with their availability (nor consented to sitting for a deposition). One current Google employee is also unavailable before February 6 but is available on February 12.

If this extension is granted, Google may also seek to meet and confer and space out its depositions of plaintiffs to a more humane schedule. While plaintiffs have offered their witnesses on dates on or before February 6, the parties may wish to avoid having multiple depositions occurring simultaneously.

***Third-party document and data productions.***  Google has requested documents and data from third parties (including from ad exchange competitors who are plaintiffs in cases that were recently consolidated as part of this MDL[2]), for use in the new publisher cases. Google anticipates that these market data and documents will be relevant to issues including the recent and current state of the alleged market(s), as well as publishers' claimed impact and damages. Google is still waiting for some third-parties to complete their productions, which, in at least one case, will require the entity (a public company) to first make its quarterly earnings announcement in February before completing production.

***Party data productions***.  Google also intends to produce data related to its operations during the fourth quarter of 2025 for use by the parties' experts in the new publisher cases.[3] As a public company, however, Google must strictly limit dissemination of information about its recent performance before that information is announced to the general public. Google plans to announce its earnings from the fourth quarter of 2025 on February 4, has been preparing to produce the fourth quarter data as soon as possible after that, and anticipates being able to complete production by February 27. Google anticipates that these materials, along with the third-party productions, may be important to its defenses and would like the opportunity to use them in the publisher cases.

\* \* \*

For these reasons, Google respectfully requests that the fact-discovery deadline in the above-listed cases be extended to February 27, 2026. No parties in these cases shall be permitted to serve new requests for documents, interrogatories, or requests for admission.

---

[2] *See Index Exchange, Inc. v. Google LLC*, No. 1:25-cv-10477 (S.D.N.Y.); *OpenX Techs., Inc. v. Google LLC*, No. 1:25-cv-10817 (S.D.N.Y.); *Magnite, Inc. v. Google LLC*, No. 1:25-cv-10818 (S.D.N.Y.); *PubMatic, Inc v. Google LLC*, No. 1:25-cv-10819 (S.D.N.Y.); *Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (S.D.N.Y.).

[3] This data was not requested by Plaintiffs, and thus was not subject to the substantial completion deadline under the operative Scheduling Order.

January 23, 2026
Page 3

      Google also notes that the parties are currently discussing the potential to coordinate and align schedules among the above-listed publisher cases, the *Raptive* case, and more-recently-filed publisher cases in which plaintiffs are also represented by the same counsel.[4] Those discussions could result in a further request from one or more parties to modify the current case schedule to align across cases, but the parties have not yet concluded negotiations.

      Sincerely,

      */s/ Justina K. Sessions*

Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
Andrew J. Ewalt
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)

---

[4] *See Advance Publ'ns, Inc. v. Google LLC*, No. 1:26-cv-00343 (S.D.N.Y.); *McClatchy Media Co., LLC v. Google LLC*, No. 1:26-cv-00339 (S.D.N.Y.); *Vox Media LLC v. Google LLC*, No. 1:26-cv-00325 (S.D.N.Y.); *The Atl. Monthly Grp. LLC v. Google LLC*, No. 1:26-cv-00272 (S.D.N.Y.); *Penske Media Corp. v. Google LLC*, No. 1:26-cv-00225 (S.D.N.Y.).